```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT


PHC CASTOR N.V.,                 :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :    CASE NO. 3:12CV445(RNC)
                                 :
WILLIAM P. STEWART, III,         :
                                 :
     Defendant.                  :
```

### RULING ON MOTIONS FOR PREJUDGMENT REMEDY
### AND DISCLOSURE OF ASSETS

Plaintiff PHC Castor N.V. brings this diversity action alleging that pro se defendant William P. Stewart, III defaulted on debt obligations.  Pending before the court are the plaintiff's Motion for Prejudgment Remedy and Motion for Disclosure of Assets pursuant to pursuant to Conn. Gen. Stat. § 52-278a et seq.  (Docs. #28, #29.)  The motions are before the undersigned pursuant to the referral of District Judge Robert N. Chatigny (doc. #26) and 28 U.S.C. § 636(b)(1)(A).  See SS & C Technologies, Inc. v. Providence Inv. Management, 582 F. Supp. 2d 255, 256 n.1 (D. Conn. 2008) (magistrate judge may decide prejudgment remedy as nondispositive motion).

On January 9, 2013, the court conducted a hearing at which defendant and plaintiff's financial advisor testified.  On the basis of that hearing, and taking into account the claims and defenses of defendant, there is probable cause that a judgment

in the amount of $550,000 will be rendered in the matter in favor of plaintiff.[1]  See Conn. Gen. Stat. § 52-278d(a)(1).  This amount reflects a principal debt of $250,000 plus simple interest at 10% of the principal for each of the twelve years in which the debt has been outstanding.

Plaintiff's Motion for Prejudgment Remedy (doc. #28) is GRANTED in the amount of $550,000.  As a result, plaintiff's Motion for Disclosure of Assets (doc. #29) is GRANTED.  See Conn. Gen. Stat. § 52-278n.  By **July 10, 2013**, plaintiff may take defendant's deposition.  Defendant shall disclose to the plaintiff the existence, location and extent of any property, as defined by Conn. Gen. Stat. § 52-278a(e), sufficient to satisfy a judgment in the amount of $550,000.

SO ORDERED at Hartford, Connecticut this 19th day of June, 2013.

```
          _____/s/_____
          Donna F. Martinez
          United States Magistrate Judge
```

---

[1] When deciding a motion for prejudgment remedy, the court must "tak[e] into account any defenses, counterclaims, or set offs."  Conn. Gen. Stat. § 52-278d(a).  In his Answer to the Amended Complaint, defendant raises the defense that plaintiff lacks standing to enforce the claims.  (Doc. #50.)  On February 22, 2013, plaintiff briefed the issue of standing in response to the court's order to show cause.  (Docs. #52, #60.)  The court has considered these submissions carefully in making this determination.