```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


PHC CASTOR N.V.,                  :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :    CASE NO. 3:12CV445(RNC)
                                  :
WILLIAM P. STEWART, III,          :
                                  :
     Defendant.                   :
```

RULING AND ORDER

Plaintiff PHC Castor N.V. brings this diversity action alleging that pro se defendant William P. Stewart, III defaulted on debt obligations.  District Judge Robert N. Chatigny referred the case to the undersigned for all pretrial matters.  (Doc. #26.)

In June 2013, after a hearing, the court granted plaintiff's motion for prejudgment remedy and for disclosure of assets and set a deadline of July 10, 2013 for plaintiff to take defendant's deposition.  On June 27, after defendant did not respond to plaintiff's attempts to set a mutually convenient date, plaintiff noticed the deposition for July 10 and included a subpoena duces tecum.  On July 8, defendant filed a Motion to Quash or Limit the subpoena.  (Doc. #70.)  In response, plaintiff filed a Motion to Compel compliance with the notice and subpoena.  (Doc. #77.)

The parties conferred prior to a telephone conference with

1

the court on July 10.  Plaintiff agreed to limit certain discovery requests to resolve the dispute, and defendant offered August 14 for a deposition date.  The parties reported this agreement during the telephone conference.  The court ordered the parties to make a status report on July 29 and extended the discovery deadline to August 30.  (Doc. #74.)

On July 29, plaintiff's counsel made a status report to chambers.  He suggested that defendant's Motion to Quash was moot based on plaintiff's agreement to limit certain discovery requests but indicated that he had not been able to confirm this with defendant.  Counsel suspected that defendant's mailing address was not current.  After confirming that defendant had indeed moved, the court updated his mailing address,[1] re-mailed the July 10 orders setting discovery deadlines, and ordered the parties to file a joint status report by August 2.  (Docs. #79, #80.)  On August 2, plaintiff's counsel filed a unilateral status report because defendant did not respond when invited to join the status report.  (Doc. #81.)

On August 9, plaintiff filed a second Motion to Compel and for Sanctions (doc. #82) stating that defendant refused to attend the deposition on August 14.  (Doc. #84-9.)  The parties filed a joint status report on August 13 indicating that the

---

[1] Defendant included his updated address in his July 8 Motion to Quash (doc. #70) but did not alert the court of the change as required.  See Local Civil Rule 83.1(c)(2).

issue remained unresolved.

After oral argument on the pending motions on September 19, 2013, the court orders as follows:

1. Defendant's Motion to Quash (doc. #70) is denied as moot based on the parties' agreement to limit the subpoena as set forth on the record in open court.

2. Plaintiff's Motions to Compel (docs. #77, #82) are granted as follows.  Defendant's deposition shall be taken on September 30, 2013, in the East Courtroom, 450 Main St., Hartford, CT.  Defendant shall produce relevant documents in his possession, custody or control pursuant to the parties' agreement as set forth on the record in open court.

3. Plaintiff's Motion for Sanctions (doc. #82) is denied without prejudice.  Defendant is on notice that his pro se status does not relieve him of his obligation to obey court orders, and failure to comply with court orders and his obligations under the Federal Rules of Civil Procedure and the Local Civil Rules may result in the imposition of sanctions, including monetary sanctions or a default judgment against him. See Fed. R. Civ. P. 37; McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).

4. The pro se defendant shall advise opposing counsel and the court of any change of residential address, office address, email address or phone number within 48 hours of the change.

3

5. The settlement conference set for October 9, 2013 shall proceed as scheduled.  The related deadlines set forth in the court's settlement conference scheduling order (doc. #75) remain in effect.

SO ORDERED at Hartford, Connecticut this 20th day of September, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge